## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **CRIMINAL NO. 21-00078-TFM** |
| | ) | |
| **DARIUS JEMEIYEL SUMRALL** | ) | |

### FINAL ORDER OF FORFEITURE

This cause now comes before the Court upon the United States' motion for a Final Order of Forfeiture for the following property:

**One Glock, Model 17, 9mm pistol, Serial Number BCPG362**

The Court hereby finds that the motion is due to be **granted**, for the reasons set forth herein and as set out below:

On February 28, 2022, the United States filed a motion for preliminary order of forfeiture for the firearm. In that motion, the United States established the defendant's interest in the property and the nexus between the property and the defendant's conviction for Counts One and Two of the Indictment. (Doc. 28, PageID.91-94) On March 2, 2022, pursuant to 18 U.S.C. § 924(d), Title 28 U.S.C. § 2461(c) and Fed. R. Cr. P. 32.2(b)(2), the Court entered a preliminary order of forfeiture for the firearm. (Doc. 29, PageID.98-100).

In accordance with the provisions of 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(b)(6), the United States published notice of the forfeiture, and of its intent to dispose of the firearm, on the official government website, www.forfeiture.gov, beginning on March 18, 2022 and ending on April 16, 2022. The publication gave notice to all third parties with a legal interest in the property to file with the Clerk of the Court, 155 St.

Joseph Street, Mobile, AL 36602, and a copy served upon Assistant United States Attorney George May, 63 South Royal Street, Suite 600, Mobile, AL 36602, a petition to adjudicate their interest within 60 days of the first date of publication. No third party filed a petition or claimed an interest in the property, and the time for filing any such petition has expired.

Further, pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), forfeiture of the firearm became final as to the defendant, Darius Jemeiyel Sumrall, at the time of sentencing and was made a part of the sentence and included in the judgment. (Doc. 39, PageID.138)

Thus, the United States has met all statutory requirements for the forfeiture of the firearm, and it is appropriate for the Court to enter a final order of forfeiture.

**NOW, THEREFORE**, the Court having considered the matter and having been fully advised in the premises, it is hereby **ORDERED, ADJUDGED and DECREED** that for good cause shown, the United States' motion is **GRANTED**. Under 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c) and Fed. R. Crim. P. 32.2(c)(2), all right, title, and interest in the firearm are **CONDEMNED, FORFEITED and VESTED** in the United States for disposition according to law; and

**IT IS FURTHER ORDERED** that the Department of Alcohol, Tobacco, Firearms and Explosives or other duly authorized federal agency take the firearm into its secure custody and control for disposition according to law; and,

**IT IS FURTHER ORDERED** that pursuant to 21 U.S.C. § 853(n)(7), the United States of America has clear title to the firearm and may warrant good title to any subsequent purchaser or transferee; and

**IT IS FURTHER ORDERED** that the Department of Alcohol, Tobacco, Firearms and Explosives or other duly authorized federal agency is hereby authorized to dispose of the firearm and ammunition in accordance with the law; and

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

**DONE AND ORDERED** this 15th day of June 2022.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE